UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN THE MATTER OF:

BLANCA S RODRIGUEZ

CHAPTER **13**
Case No. 19-20324-dob
Judge DANIEL S OPPERMAN

Debtor

**TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND
TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;
NOTICE TO CREDITORS OF OBLIGATION TO
FILE A RESPONSE AND RIGHT TO OBJECT; AND
NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

*Please read this Report carefully. It advises you of certain
rights and deadlines imposed pursuant to the law.*
*Your rights may be adversely affected.*

Thomas W. McDonald Jr., Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2016-3(a)(1), reports to the Court that the above-named Debtor has comleted all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

> **IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR HAS PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**
>
> **IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**
>
> *PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR, DEBTOR'S COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.*

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will include findings that:

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured.

Pursuant to E.D. Mich. LBR 2016-3(a)(3), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

**RIGHTS AND DUTIES OF DEBTOR**

**Duty of Debtor regarding secured debt obligations:** Every Debtor, regardless of whether the Debtor is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that come due after the date of the Debtor's last payment under the Plan.

See E.D. Mich. LBR 2016-3(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file a Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283.

3. If the Debtor fails to complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283 within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge.

See E.D. Mich LBR 4004-1

**RIGHTS AND DUTIES OF CREDITORS**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(4), if any party in interest asserts that:

1. The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtor is not current in any payments the Debtor was authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured or that the claim is otherwise not current in all respects including, but not limited to, any unpaid escrow balance, late charge, cost or attorney fee; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor's may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2016-3(a)(5), it shall be conclusively determined that:

1. Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured and the claim is current in all respects including, but not limited to, all escrow balances, late charges, costs or attorney fees; and

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-SAGINAW
Thomas W. McDonald, Jr., Chapter 13 Standing Trustee

Dated: September 05, 2023

/s/Thomas W. McDonald, Jr.
THOMAS W. McDONALD, JR. (P32464)
3144 Davenport Avenue
Saginaw, MI 48602
Telephone (989) 792-6766
mail@mcdonald13.org

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br>　BLANCA S RODRIGUEZ | CASE NO: 19-20324<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 9/5/2023, I did cause a copy of the following documents, described below,

Completion of Plan Payments/Notice of Final Cure

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 9/5/2023

　　　　　　　　　　　/s/ Thomas W. McDonald, Jr.
　　　　　　　　　　　Thomas W. McDonald, Jr.

　　　　　　　　　　　Office of the Standing Chapter 13 Trustee
　　　　　　　　　　　3144 Davenport Ave.
　　　　　　　　　　　Saginaw, MI  48602
　　　　　　　　　　　989 792 6766
　　　　　　　　　　　sandy@mcdonald13.org

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

IN RE:

BLANCA S RODRIGUEZ

CASE NO: 19-20324

**CERTIFICATE OF SERVICE DECLARATION OF MAILING**

Chapter: 13

On 9/5/2023, a copy of the following documents, described below,

Completion of Plan Payments/Notice of Final Cure

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 9/5/2023

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas W. McDonald, Jr.
Office of the Standing Chapter 13 Trustee
3144 Davenport Ave.
Saginaw, MI 48602

USPS FIRST CLASS MAILING RECIPIENTS:
Parties whose names are struck through were not served via First Class USPS Mail Service.

| | | |
|---|---|---|
| AMERICAN INFOSOURCE LP AGENT<br>DIRECT TV LLC<br>PO BOX 5008<br>CAROL STREAM IL 60197-5008 | AMERICAN INFOSOURCE LP EFT AS AGENT FOR<br>T MOBILE/T MOBILE USA INC<br>PO BOX 248848<br>OKLAHOMA CITY OK 73124-8848 | AMERICAN INFOSOURCE, AGENT<br>VERIZON<br>PO BOX 4457<br>HOUSTON TX 77210-4457 |
| APPROVED CASH ADVANCE CENTER INC<br>500 GRAPEVINE HWY, SUITE 402<br>HURST TX 76054-2785 | BLANCA S RODRIGUEZ<br>1847 KENDRICK<br>SAGINAW MI 48602-0000 | CARM<br>PO BOX 365<br>CADILLAC MI 49601-0000 |
| CAVALRY SPV I LLC<br>PO BOX 27288<br>TEMPE AZ 85282-0000 | CONSUMERS ENERGY COMPANY<br>ATTN: LEGAL DEPARTMENT<br>ONE ENERGY PLAZA<br>JACKSON MI 49201-0000 | JEFFERSON CAPITAL SYSTEMS-EFT<br>PO BOX 772813<br>CHICAGO IL 60677-2813 |
| KIMBERLY MURPHY<br>9505 SCHOMAKER RD<br>SAGINAW MI 48609-0000 | LVNV FUNDING LLC C/O RESURGENT CAPITAL<br>SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | MICHIGAN GUARANTY AGENCY<br>C/O ECMC/LOCKBOX #726<br>PO BOX 16358<br>ST PAUL MN 55116-0000 |
| MMCC<br>6324 TAYLOR DRIVE<br>FLINT MI 48507-0000 | NAVIENT-DEPARTMENT OF EDUCATION LOAN<br>SERVICING-EFT<br>PO BOX 4450<br>PORTLAND OR 97208-4450 | PERITUS PORTFOLIO SERVICES II/WOLLEMI<br>ACQUISITIONS-EFT<br>PO BOX 141419<br>IRVING TX 75014-1419 |
| QUANTUM3 GROUP LLC - EFT<br>PO BOX 2489<br>KIRKLAND WA 98083-0788 | | |